HERBERT W. GUDE, Appellant, *v.* EDWARD A. NOBLETT, Respondent.

(Supreme Court, Appellate Term, First Department, June, 1920.)

Default — when motion to open, denied — pleading — attorneys — motions and orders.

A default will not be set aside to allow defendant to interpose a counterclaim.

Upon an application to open a default in answering, the moving papers must show both a reasonable excuse and a meritorious defense, and making affidavit that "it was impossible" to prepare and serve an answer within the time stipulated is insufficient.

On the day that defendant's answer was due, after several extensions of time had been granted, his attorney requested a

Appellate Term, First Department, June, 1920. [Vol. 112.

further extension which was declined by the attorneys for plaintiff with the assurance that an answer served the following day by eleven A. M. would be accepted. The condition though acquiesced in was not complied with, and judgment was entered for plaintiff by default. *Held,* that an order granting defendant's motion to open his default and to serve an answer consisting of a defense and counterclaim, will be reversed and the motion denied.

APPEAL from an order of the City Court of the city of New York, granting defendant's motion to open his default in answering the complaint, permitting him to serve an answer and vacating the judgment by default and all proceedings taken thereon.

Breed, Abbott & Morgan (John S. Sickels, of counsel), for appellant.

William H. Hatfield, Jr., for respondent.

*Per Curiam.* Defendant personally having secured several extensions (fifty-six days) to serve his answer herein retained an attorney on the day when the answer was finally due who thereupon asked for a further extension of time which was declined by plaintiff's attorneys with the assurance that if the pleading was served the following day by eleven A. M. it would be accepted. This condition was acquiesced in by defendant but not complied with. Judgment having been entered on default application was duly made to open the same which resulted in the order appealed from.

It is elementary in applications of this character that the moving papers must show both a reasonable excuse therefor as well as facts establishing a meritorious case. The affidavits fail to disclose the presentation of any such facts as required other than that " it was impossible " to prepare and serve the

answer within the time stipulated. This, in our opinion, was clearly insufficient. Nor do the moving papers set forth a meritorious defense. The answer consists of a defense and counterclaim. The defense rests upon an alleged agreement that plaintiff would deposit certain shares of stock '' in such manner as defendant should designate.'' While alleging that plaintiff did not deposit the stock in question it fails to set forth that defendant ever designated the manner in which the deposit should be made. There was, therefore, no duty resting upon plaintiff to deposit such stock and the defense is insufficient on the face thereof. A like defect exists as to the counterclaim which arises out of the stock agreement referred to. There is a further objection to the sufficiency of this counterclaim. The rule is that a default will not be set aside in order to permit defendant to interpose a counterclaim or set off. 23 Cyc. 965, note 53; L. R. A. 1916, F. 854. The reason of this is that if facts can be set up as the basis of an independent suit there is no need to open defendant's default merely to permit him to litigate his cross claim in that action. Our appellate courts have repeatedly held that these applications are not mere idle ceremonies and should not be granted unless the moving papers show that the case is one of '' excusable neglect '' within the provisions of section 724, Code of Civil Procedure, and that the defense proposed is a valid one. For the reasons stated the order appealed from is reversed, with ten dollars costs and disbursements, and the motion to open default denied, with ten dollars costs.

Present: BIJUR, DELEHANTY and WAGNER, JJ.

Order reversed, with ten dollars costs and disbursements.